**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NAVDEEP SINGH,

        Petitioner,

   v.

ERIC H. HOLDER, Jr., Attorney General,

        Respondent.

No. 08-73432

Agency No. A099-482-951

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012[**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

    Navdeep Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the Real ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on divergent accounts in Singh's asylum application and testimony concerning why the Congress Party mistreated him and when he received threatening phone calls. *See id.* at 1048 (adverse credibility finding reasonable under totality of circumstances). Singh's explanations for the differences do not compel a contrary conclusion. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). Accordingly, in the absence of credible testimony, Singh's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Singh's CAT claim fails because it is based on the same statements the agency found not credible, and he does not point to any other evidence in the record that would compel the finding that it is more likely than not he would be tortured if returned to India. *See id.* at 1156-57. Singh's contention that the BIA did not consider corroborating and objective documentary evidence fails because he has not overcome the presumption of review, *see Fernandez v. Gonzales*, 439

F.3d 592, 603 (9th Cir. 2006), and his remaining contentions that the BIA did not properly analyze his CAT claim are belied by the record.

**PETITION FOR REVIEW DENIED.**

08-73432